MOSER and others, Appellants, vs. KYLE CORPORATION and another, Respondents.

*October 12—November 15, 1949.*

For the appellants there were briefs by *Gold & McCann* of Milwaukee, and oral argument by *Ray T. McCann.*

*Giles F. Clark* of Milwaukee, for the respondent, Kyle Corporation.

For the respondent R. W. Kartheiser there was a brief by *Harvey C. Hartwig,* attorney, and *Bernard C. Westfahl* of counsel, both of Milwaukee, and oral argument by *Mr. Hartwig.*

ROSENBERRY, C. J.    This case arises out of a controversy between the plaintiffs and the defendants regarding the sale of a certain milling machine owned by the defendant corporation and offered for sale by it.    The defendant corporation instructed Kartheiser, its employee, to take bids for the machine from those who came in response to notification that the machine was for sale.    Kartheiser was offered $1,250 for the machine by Carl Moser, Jr., and accepted a check from him for that amount.    Within a few hours thereafter the attempted sale was repudiated by the defendant corporation and eventually the check was returned.

It is the contention of the plaintiffs that the defendant corporation authorized Kartheiser to make a sale of the machine. A careful examination of the record discloses that there is no evidence sufficient to sustain a finding to the effect that Kartheiser had authority or apparent authority to make a sale. His authority was only to accept bids and submit the same to his superiors.    No useful purpose would be served by setting out the evidence.    The trial court correctly held that the defendant corporation was not liable.

It is the second contention of the plaintiffs that if Kartheiser exceeded his authority in accepting the offer of Carl Moser, Jr.;

to pay $1,250 for the machine and accepting a check for that amount, upon the express representation that he, Kartheiser, had authority to sell the machine, then Kartheiser is personally liable.

There is no contention by the plaintiffs on this branch of the case that if Kartheiser is not liable upon his express representation that he had authority to make a sale that he is liable upon any other ground.

We have carefully examined the evidence relating to the representations made by the defendant Kartheiser to Carl Moser, Jr.

Restatement, 2 Agency, p. 725, sec. 329, is as follows:

"Except as stated in sec. 332, a person who purports to make a contract, conveyance, or representation on behalf of a principal whom he has no power to bind thereby becomes subject to liability to the other party thereto upon an implied warranty of authority, unless he has manifested that he does not make such warranty or the other party knows that the agent is not so authorized."

Restatement, 2 Agency, p. 734, sec. 331, is as follows:

"A person who purports to make a contract, conveyance, or representation on behalf of a principal whom he has no power to bind thereby is not subject to liability to the other party thereto if he sufficiently manifests that he does not warrant his authority and makes no tortious misrepresentation."

It is considered upon the authority of these sections that there is sufficient evidence in the record to go to the jury on the question of the defendant Kartheiser's liability.

Inasmuch as there must be a new trial upon this branch of the case we shall not set out the evidence or comment upon it.

*By the Court.*—That part of the judgment appealed from which dismisses the plaintiffs' complaint as to the Kyle Corporation is affirmed. That part of the judgment appealed from which dismisses the plaintiffs' complaint as to the de-

fendant Kartheiser is reversed and the cause is remanded to the trial court with directions to grant a trial *de novo* on that issue.